## Case No. 13,394.

### STEVENS v. APPLETON et al.

[4 Cliff. 265.] [1]

Circuit Court, D. Massachusetts.   May 28, 1874.

COURTS — FEDERAL JURISDICTION — CITIZENSHIP — BANKRUPTCY — SUIT BY ASSIGNEE.

A bill alleged that one Appleton, a citizen of Massachusetts, had been declared a bankrupt; that subsequently Bowles Bros. & Co., of which he was general partner, had also been declared bankrupt; and that complainant, a citizen of Massachusetts, had been appointed their assignee. The bill was against Appleton and his assignee in bankruptcy, one Story, and alleged further that there was in Story's hands a large amount of property after paying all of Appleton's liabilities, and prayed that Story might be decreed to pay the whole amount, or the surplus after paying Appleton's debts, over to the assignee of Bowles Bros. & Co., on the ground that Appleton's property was liable for the copartnership debts. Demurrer. *Held*, the circuit court had no jurisdiction; demurrer sustained; bill dismissed.

This was a bill in equity brought by Henry J. Stevens, assignee in bankruptcy of C. S. P. Bowles, W. B. Bowles, R. P. M. Bowles, and Henry C. Stetson, partners under the firm name of Bowles Bros. & Co., against Nathan Appleton and F. H. Story. The bill alleged that the said C. S. P., W. B., and R. P. M. Bowles, and H. C. Stetson, and Nathan Appleton, were and had been co-partners, and were and had been members of a partnership, doing business as bankers at Paris, London, New York, and Boston, under the firm name of Bowles Bros. & Co.; that on Jan. 20, 1873, a petition was filed in this district against the said Appleton, praying that he might be adjudged a bankrupt; that on Jan. 29, he was so adjudged, and that F. H. Story was appointed assignee, and all the property of Appleton was conveyed and assigned to him. That since the 21st of January, there had always remained, and still were, assets and debts of said partnership. That on Feb. 3, 1873, a petition was filed in the district court of this district against Bowles Bros. & Co., and they were adjudged bankrupts Feb. 3, 1873, and the complainant was appointed assignee; that the property of said Appleton, assigned to said Story as his assignee, was much more than was necessary to pay all his separate debts and liabilities; that Appleton was a general member of the partnership of Bowles Bros. & Co., when their debts and liabilities were incurred, and was therefore liable for such debts. The bill prayed that Appleton and Story might be decreed to convey to the complainant all the estate and property of said Appleton, assigned to said Story, and all rights therein, and the proceeds and accrued income thereof, and be enjoined, paying or releasing any of the same, or if not, that then all that remained after discharge

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

of all the debts of said Appleton. The respondents demurred to the bill.

Richard H. Dana, Jr., and J. C. Gray, Jr., for complainant.

This proceeding is authorized by the bankrupt act [of 1867 (14 Stat. 517)]. Section 2 of the bankrupt act gives the circuit court jurisdiction of all suits in equity; by the assignee against any person claiming an adverse interest; or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to or vested in such assignee. This bill is maintainable on either ground. It is a bill by the plaintiff. It is a bill against Story. By section 14 of the bankrupt act there pass to the assignee all the bankrupt's rights in equity, all debts due him, all his rights of action for property or estate, or for any cause of action arising from contract. By section 36 of the bankrupt act, all the joint property of the firm, and all the separate estate of each of the partners, is taken and passes to the assignee. The demurrer admits that Appleton is a partner. Therefore his property has passed to the plaintiff, and the plaintiff can maintain this suit against Story as a person withholding property from him. Bills in equity are appropriate ancillary methods in the administering of partnership estates, when some or all of the partners are in bankruptcy. Such proceedings may be by or between several assignees. Colly. Partn. §§ 844, 857; Ex parte Voguel, 1 Atk. 132; Hankey v. Garrat, 3 Brown, Ch. 458; Burnside v. Merrick, 4 Metc. (Mass.) 537. Original bills for such purposes are disused now in England, but, by reason of statutes or of rules, are sometimes adopted in the discretion of the court. This demurrer raises only the question of the legal possibility of such proceedings. No other mode of reaching Appleton's property, for the benefit of the partnership creditors, is so simple, proper, and convenient as this. The proceedings to apply Appleton's property to the payment of the partnership debts may be taken either by the defendants or by the plaintiff or the partnership creditors. Therefore it must be open to the plaintiff or the partnership creditors to take measures to obtain the application of Appleton's property to the partnership debts. Besides the present, there seem to be only five modes of proceeding possible:—By the petitioning creditor amending his petition by joining Appleton as a partner, and praying that he may be included in the adjudication of bankruptcy. By a new petition against all the partners, praying that both the preceding adjudications may be annulled. By consolidating the proceedings on the petition of the plaintiff. By proof of claim by the plaintiff as assignee against Appleton's estate. By proof of claims by the creditors separately against Appleton's estate. The plaintiff submits that the present method is preferable to either

of these five. By the petitioning creditor amending his petition by joining Appleton as a partner, and praying that he may be included in the adjudication of bankruptcy. By a new petition against all the partners, praying that both the preceding adjudications may be annulled. There is no authority to annul the previous adjudications. The petitions were valid, and the adjudications in due form. The court has no authority to annul the adjudications. By consolidating the proceedings on the petition of the plaintiff. A petition for consolidation is a very unfit way to try disputed questions. There is no authority for using it for that purpose. In the English practice it is never used when it is in dispute that they are partners. The petition for consolidation in fact, says, "Here are several persons, the property of each of whom is admitted to be liable for a certain class of debts; we pray the court to administer them together." In the present, the very fact of the joint liability is in question. The result of a petition after consolidation could be in no way different from that which would be reached by the present proceeding. The plaintiff, being chosen by the creditors of the partnership, would, by the provisions of section 36 of the bankrupt act, be entitled to have all the assets in the hands of either of the defendants placed in his custody. That is precisely what he seeks by the present proceedings. His duty to distribute them would be the same when he should get them under this bill as when he should get them under a petition for consolidation. Besides, if necessary, this bill may be treated as a petition for consolidation. The same order could be made under this bill which could be made under said petition. It is often an objection in bankruptcy proceedings that less formal measures have been taken than the bankrupt act requires, as for instance, that a summary petition has been brought, when the party should have filed a bill in equity; but it is no objection that proceedings have been too formal; that the rights of defendants have been too carefully observed; or that the parties have proceeded by a regular bill, when a summary petition would have sufficed. Any allegations in this bill unnecessary for a petition, can be rejected as surplusage, and it will then stand as a petition praying for this court to exercise its general supervisory jurisdiction under section 2 of the bankrupt act. Such a petition, if it be the proper way of proceeding, would be within the jurisdiction of this court. English Bankrupt Act 1869, § 102; Lancaster v. Choate, 5 Allen, 530, 534, et seq. By proof of claim by the plaintiff, as assignee, against Appleton's estate. The result would be the same as in this case. But the conclusive answer to this mode of proceeding is that what the plaintiff seeks, and what he is entitled to, is not to prove a debt, but to take possession of property. By proof of claims by the creditors separately against Appleton's estate. Each creditor may prove his debt against Appleton's estate, if the court should allow him to do so. This course would be unjust to the bankrupts, of whom the plaintiff is assignee. Whether they get their discharge may depend upon the dividend which the partnership pays. It is very unjust to the creditors. It compels them to prove twice over a debt against one firm; and much expense would be uselessly incurred in a double administration. This bill is a way of trying the question more favorable to the defendants than any other could be. They have on this an appeal to the supreme court. They have to meet the question once for all. Especially does it make a compromise possible. Such compromise might be most advantageous both to Appleton and to the creditors of Bowles Bros.; and if the court overrule this demurrer, it may be possible for the parties, with the sanction of the court, to effect a compromise which will bind all persons.

Sidney Bartlett, for respondents.

Has this court original jurisdiction in equity, or otherwise, to determine that a firm composed of all the persons named in this bill, including Appleton, shall be declared partners and bankrupt; or is that power exclusively confided by law to the district court? Such, in effect, is the entire scope of the bill. It is clear, on the face of the bill, that no decree, declaring a firm thus constituted to be bankrupt, has hitherto been made. It is an elementary principle that, to sustain a decree declaring a partnership bankrupt, some act of bankruptcy must be shown to have been committed or acquiesced in by each of the members, and each is therefore entitled to be heard in the usual form and before the usual tribunal. Beasley v. Beasley, 1 Atk. 96; Mills v. Bennett, 2 Maule & S. 556; Allen v. Hartley, 4 Doug. 21. If, then, this court is to declare the partnership (constituted as averred in the bill) to be bankrupt, it must, under this bill, take and hear all the proofs as to each member of the alleged partnership, in the same manner as the district court is required to do on an original application. In fact, it must exercise a concurrent original jurisdiction in bankruptcy with the district court, for which there is no warrant in the statute. But it is assumed by the bill that where a decree of the district court exists, declaring certain parties to constitute a firm and to be bankrupt, authority is vested in this court, in equity, to reform the decree and add to the designated members of the firm others, so that the original decree shall be amended and stand. But it is obvious that such an exercise of jurisdiction is, in all respects, identical with the original jurisdiction of the district court, and is a jurisdiction nowhere conferred on this court; and further, that the proceeding, if it could be maintained, must be instituted by cred-

itors and by them only. But what is fatal to the bill is, that it proceeds upon the ground that the firm of Bowles Bros. & Co. was not constituted as is alleged in the decree declaring it bankrupt, but of the parties named in that decree and also of Nathan Appleton. This averment makes the former decree wholly void. The plaintiff, therefore, cannot be aided in the present case by the nominal existence of such a decree; and thus the bill must rest, if sustained, solely upon the ground that this court is a court of original jurisdiction in bankruptcy. There cannot be a joint adjudication against three, four, or five of the members, and that such an adjudication is absolutely void is well settled. Allen v. Hartley, 4 Doug. 21; Wats. Partn. 244 (179); Streatfield v. Halliday, 3 Term R. 779. The statute 32 & 33 Vict. c. 71, § 100, has so far changed this in England, that a creditor of a firm may petition for an adjudication of bankruptcy against any one or more of the firm, and thus sever what, except for the statute, would be a joint claim. Robs. Bankr. 573. But the United States bankrupt act makes no provision of the kind. It contemplates no other adjudication in bankruptcy against a partnership, except one in which all the members of the firm are named and embraced, and where all the partners have been notified and had an opportunity to be heard. See section 36. It may not be improper to add that if this court had power and jurisdiction to amend a former decree, and add new parties to that decree, still the result of such reformation would not, as matter of course, enable the plaintiff to take from the assignee of Mr. Appleton the assets which, under an earlier decree declaring Mr. Appleton individually a bankrupt, have passed to his assignee. The course to be adopted, where a partnership has been declared bankrupt subsequent to a decree of bankruptcy against an individual partner, depends entirely upon the attitude of things when the decree declaring the partnership bankrupt is passed, and rests in the discretion of the court, whether the continued administration of the separate estate can be most advantageously allowed to stand or the whole administration confided to the assignee of the firm.

[Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.]

CLIFFORD, Circuit Justice. I am of the opinion that the circuit court has no jurisdiction to grant the relief prayed in this case, for the following reasons:—

1. Because the parties are citizens of the same state.

2. Because the subject-matter of the controversy is not within the scope and meaning of the third clause of section 2 of the bankrupt act.

3. Because the complainant, as the assignee of the bankrupts first named in the bill of complaint, is not authorized by the third clause of section 2 of the bankrupt act, nor by any other provision of that act, to maintain this suit against the respondent Story, as the assignee of the other bankrupt therein named, for any purpose set forth in the bill of complaint.

4. Such conflicting claims of assignees, as in this case, must be adjudged in the first instance by the bankrupt court, as they involve questions of administration rather than questions of title or of ownership, and consequently do not fall within the descriptive words employed in the provision giving jurisdiction to the circuit and district courts, at law or in equity, of controversies in respect to property, between an assignee and third persons claiming an adverse interest therein.

5. Orders and decrees of the bankrupt court in such matters may doubtless be subject to revision in the circuit court, under the first clause of section 2 of the bankrupt act; but I am of the opinion that neither the third clause of that section, nor any other provision of the bankrupt act, confers jurisdiction upon the circuit court to grant the relief prayed in this case.

Judge LOWELL, does not concur in the second, third, fourth, and fifth propositions expressed in the foregoing opinion, and the case is disposed of by the presiding justice, under section 1 of the act entitled "An act to further the administration of justice," approved June 1, 1872 [17 Stat. 196].

CLIFFORD, Circuit Justice. Demurrer sustained and bill dismissed.